| | |
|---|---|
| LAW OFFICE OF GREGORY JAVARDIAN, LLC<br>BY:    MARY F. KENNEDY, ESQUIRE<br>ID# 77149<br>1310 Industrial Blvd.<br>1st Floor, Suite 101<br>Southampton, PA  18966<br>(215) 942-9690<br>Attorney for Deutsche Bank National Trust Company, as<br>Indenture Trustee for New Century Home Equity Loan Trust 2005-4 | Hearing Date: **November 21, 2023, at 10:30 am in Courtroom 2, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>    Tonia Y. Walker<br><br><br><br>    Debtor(s) | Chapter 13 Proceeding<br><br>23-12206 MDC |

**MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-4 FOR RELIEF OF FROM THE AUTOMATIC STAY**

AND NOW, comes secured Creditor, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-4 (Movant) by and through its counsel, Mary F. Kennedy, and files this Motion to obtain an order for Relief from the Automatic Stay due to debtor(s) failure to provide Movant with adequate protection of its interest in the property which is the basis of the creditor's security.

1. On or about July 25, 2023, Debtor(s) filed a Chapter 13 Bankruptcy Petition.
2. On June 30, 2005, Norman Walker signed a Note in the amount of $87,300.00. On that same day Norman Walker executed a Mortgage that gave New Century Mortgage Corporation a security interest in the property located at 252 W. Colonial St., Philadelphia, PA 19126, referred to as the "property." The Mortgage was recorded in the Philadelphia County Recorder of Deeds Office on September 22, 2005 at instrument no. 51275099. The Mortgage as assigned to Movant via an Assignment of Mortgage recorded in the Philadelphia County Recorder of Deeds Office on May 17, 2012 at instrument no. 52484656 (See Exhibit "A" attached).

3. Upon information and belief Norman Walker died on March 25, 2015 and Debtor is the personal representative of Norman Walker's Estate.
4. On March 15, 2022 Debtor and Movant entered into a Loan Modification Agreement. The Loan Modification Agreement set the new principal balance at $140,034.80 with a balloon payment of $115,016.28 and the interest rate at 3.625% (See Exhibit "A" attached).
5. Debtor's Amended Plan dated October 13, 2023 proposes to cure the pre-petition arrears due Movant and to pay the monthly post-petition mortgage payments due Movant.
6. The debtor is presently in arrears post-petition for three (3) months, August 1, 2023 to October 1, 2023. The total due is $2,186.64.
7. Movant wishes to have the automatic stay terminated to permit Movant to complete foreclosure on its mortgage.
8. Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.
9. Pursuant to 11 U.S.C.A. section 362 (d) (1), cause exists to grant Movant relief from the stay.
10. Movant requests that if relief from the stay is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

WHEREFORE, Movant respectfully requests this Honorable Court ORDER:

That Relief from the Automatic Stay be granted to Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-4 to proceed with foreclosure action to obtain all other Relief available under Non-Bankruptcy Law. That the relief granted by the Court will survive the conversion of this bankruptcy case to a case under any other Chapter of the Bankruptcy Code. And that bankruptcy Rule 4001(a)(3) is not

applicable, and Movant is allowed to immediately proceed with foreclosure and all other relief available under the non-bankruptcy law. That Federal Rule of Bankruptcy Procedure 3002.1 is no longer applicable. Furthermore, Movant respectfully requests that reasonable attorney fees and costs associated with this Motion be awarded to Movant.

                                      RESPECTFULLY SUBMITTED,

                                      /s/ MARY F. KENNEDY, ESQ.

Dated: October 25, 2023